# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Jeffrey P. Hansen,
    Plaintiff

vs

Union Central Life Insurance Company,
    Defendant

Case No. 1:03-cv-676-SAS-TSH
(Spiegel, Sr. J.; Hogan, M. J.)

## REPORT AND RECOMMENDATION

This matter is before the Court on pro se plaintiff Hansen's summary judgment motion (Doc. 20), defendant Union Central Life Insurance Company's (Union Central) summary judgment motion (Doc. 22), and the parties' responsive memoranda. (Docs. 24, 25). For the reasons set forth more fully below, plaintiff's motion should be denied and defendant's motion should be granted.

Pro se plaintiff Jeffrey P. Hansen initiated the within action with the filing of a complaint against his former employer, Union Central Life Insurance Company, on October 1, 2003. Plaintiff alleges that defendant violated the Employee Retirement Income Security Act of 1974, (ERISA), as amended by the Sarbanes-Oxley Act of 2002, by establishing a "black out period" limiting plaintiff's ability to direct or manage his 401(K) account without proper notice. Plaintiff's claim is based on correspondence between plaintiff and outside counsel hired by defendant to resolve an unrelated legal dispute between plaintiff and defendant which was then pending in Hamilton County, Ohio Municipal Court. Plaintiff seeks judgment in the amount of $1,100.00 plus costs, based on alleged violations of ERISA, 29 U.S.C. § 1021(i)(1), and in accordance with the civil penalties imposed therefor pursuant to 29 U.S.C. § 1132(c)(7).

Defendant argues that summary judgment should be granted in its favor because the correspondence upon which plaintiff bases his allegations does not establish a "black out period" requiring advance notice as defined by the Sarbanes-Oxley amendment. Defendant further argues that even if plaintiff misunderstood counsel for defendant's correspondence to have temporarily limited plaintiff's ability to direct his 401(k) account, the account was never, in fact suspended, limited or restricted in any way. Moreover, during the alleged blackout period, plaintiff never attempted to manage or direct his account.

## SUMMARY JUDGMENT STANDARD

A motion for summary judgment should be granted if the evidence submitted to the court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323.

A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law. In response to a summary judgment motion properly supported by evidence, the non-moving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989). Conclusory allegations, however, are not sufficient to defeat a properly supported summary judgment motion. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990). The non-moving party must designate those portions of the record with enough specificity that the Court can readily identify those facts upon which the non-moving party relies. *Karnes v. Runyon*, 912 F. Supp. 280, 283 (S.D. Ohio 1995)(Spiegel, J.).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249-50. In so doing, the trial court does not have a duty to search the entire record to establish that there is no material issue of fact. *Karnes*,

912 F. Supp. at 283. *See also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989); *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988). The inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 249-50.

If, after an appropriate time for discovery, the opposing party is unable to demonstrate a *prima facie* case, summary judgment is warranted. *Street*, 886 F.2d at 1478 (citing *Celotex* and *Anderson*). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Plaintiff was employed by Union Central in its Cincinnati, Ohio offices from March 15, 2000, through February 15, 2002. It is undisputed that plaintiff was hired as an at-will employee and that defendant terminated his employment on February 15, 2002. This action does not involve any claims related to either plaintiff's employment with defendant, or his termination therefrom. The facts relevant to the resolution of plaintiff's ERISA claim in the present action are essentially undisputed.

Prior to his termination and for a period of time thereafter, plaintiff sought to recover certain expenses allegedly incurred in connection with his relocation from Chicago to Cincinnati when he started his employment with defendant in the Spring of 2000. Plaintiff's efforts to recoup these alleged expenses included writing numerous letters and e-mails to various employees and officers of the defendant company, including in-house counsel, the President and CEO, and the CFO of Union Central. In the Fall of 2002, after failed efforts at resolving the reimbursement dispute, and in response to a small claims action filed by plaintiff, Union Central retained Cincinnati attorney Daniel J. Temming to represent the company with respect to these ongoing claims and the lawsuit, <u>Hansen v. Union Central Life Ins. Co.</u>, Hamilton County, Ohio Municipal Court Case No. 02-CV-19424.

In a letter dated October 9, 2002, Temming advised plaintiff that Temming was representing defendant in the then pending municipal court case and that he had a copy of a letter plaintiff had sent to Gary Bryson, Union Central's in-house counsel, concerning an agreed settlement of that case and corresponding court judgment entry. Temming informed plaintiff that:

3

> The Union Central Life Insurance Company will be paying that judgment by depositing the amount of the judgment, plus Court costs, with the Clerk of Courts, and tendering an Entry of Satisfaction. When that occurs, I will notify you and you may contact the Clerk for withdrawal of your funds from the Clerk's possession.
>
> At this time, please cease any further contact with Union Central Life Insurance Company or any of its representatives, and direct any further correspondence to the undersigned.

(Hansen Affidavit, Ex. 42; Temming Affidavit, ¶ 4).

Plaintiff responded to Temming's October 9, 2002 letter in correspondence dated October 15, 2002. Plaintiff's letter informed Temming that plaintiff had "a medium five figure 401(k) account managed by Union Central" and queried whether Temming's law firm was prepared to process his correspondence with respect to his 401(k) account, whether the firm was licensed to act as a fiduciary, and whether the firm was covered for liability against any actions it might take with respect to plaintiff's directives regarding his account. (Hansen Aff., Ex. 43). Plaintiff further states:

> For the time being, I will assume your letter was inartfully drawn and did not intend to include correspondence with respect to my 401(k) account managed by Union Central. Please confirm this. If I do not shortly receive confirmation of this exception, I will assume your letter was meant to include 401(k) matters. Assuming I receive no confirmation, I will consider a complaint to the U.S. Department of Labor, Pension and Welfare Benefits Administration, Division of Technical Assistance and Inquiries. Please do not test me on this.

(Id.).

Temming sent plaintiff a letter dated October 16, 2002 which states:

Please be advised that the judgment and costs in your action against Union Central Life Insurance Company has been (sic) paid. You may contact the Clerk about picking up your money.

4

> If you have any questions, please call. However, my previous instruction of not contacting anyone from Union Central Life Insurance Company still stands.

(Hansen Aff., Ex. 44). Temming sent plaintiff a third letter dated October 18, 2002, which states:

> By all means, feel free to contact Union Central Life Insurance Company with respect to any issues involving your 401(k) Plan.

(Hansen Aff., Ex. 45). According to Temming's uncontradicted affidavit, he had neither received nor reviewed plaintiff's October 15, 2002 letter inquiring as to whether the communication limits applied to plaintiff's 401(k) account as of the date Temming wrote and sent the October 16, 2002. (Doc. 22, defendant's summary judgment motion, Affidavit of Daniel J. Temming, attached, ¶ 7).

Pursuant to ERISA as amended by the Sarbanes-Oxley Act of 2002, "blackout period" is defined as follows:

> The term "blackout period" means, in connection with an individual account plan, any period for which any ability of participants or beneficiaries under the plan, which is otherwise available under the terms of such plan, to direct or diversify assets credited to their accounts, to obtain loans from the plan, or to obtain distributions from the plan is temporarily suspended, limited, or restricted, if such suspension, limitation, or restriction is for any period of more than 3 consecutive business days.

29 U.S.C. § 1021(i)(7)(A).

In this Court's view, the correspondence set forth above, which forms the basis for plaintiff's ERISA claim, fails to support a finding that defendant initiated a "blackout period" and failed to provide plaintiff with the proper advance notice, thereby violating ERISA. Plaintiff's October 15, 2002 letter plainly states that as of the date plaintiff drafted his letter, he would "assume [Temming's October 9, 2002] letter was inartfully drawn and *did not intend to include correspondence with respect to my 401(k) account* managed by Union Central." (Hansen Aff., Ex. 43)(emphasis

added). Temming's uncontroverted affidavit makes clear that he had not received plaintiff's October 15, 2002 letter when he drafter and sent his October 16, 2002 letter informing plaintiff that plaintiff could retrieve the judgment funds from the Clerk with respect to the underlying municipal court case. (Temming Aff., ¶ 7). In response to plaintiff's inquiry concerning his ability to contact defendant to direct his 401(k) funds, Temming makes clear in his October 18, 2002 letter that plaintiff is free to contact Union Central. The uncontroverted evidence demonstrates that plaintiff's rights to direct his 401(k) account were never limited in any way. There is no evidence that plaintiff attempted to direct his funds and was precluded from doing so.

Moreover, to the extent that plaintiff's subjective belief that the October 16, 2002 letter initiated a period of limited rights with respect to directing his funds, the period does not constitute a "blackout period" as defined by ERISA. As noted above, ERISA defines a "blackout period" as one that limits a plan participants rights to direct account assets "for more than 3 consecutive business days." 29 U.S.C. § 1021(i)(7)(A). Assuming plaintiff received Temming's October 16, 2002 letter on the following day, plaintiff conceded at deposition and in his moving papers that any such blackout period ended as of October 19, 2002, the date he received Temming's October 18, 2002 letter. Thus, any alleged "blackout" lasted only from October 17 through the 19, 2002. This period is insufficient under ERISA to constitute a "blackout period."

Plaintiff has failed to present evidence to raise a genuine issue of material fact in opposition to defendant's summary judgment motion. For all the reasons set forth above,

### IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's summary judgment motion (Doc. 20) be DENIED and defendant's summary judgment motion (Doc. 22) be GRANTED and this case be terminated on the docket of this Court.

Timothy S. Hogan
United States Magistrate Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Jeffrey P. Hansen,
    Plaintiff

vs                                        Case No. 1:03-cv-676-SAS-TSH
                                            (Spiegel, Sr. J.; Hogan, M. J.)

Union Central Life Insurance
Company,
    Defendant

## NOTICE

    Attached hereto is the Report and Recommended decision of the Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 3-11-05. Any party may object to the Magistrate's findings, recommendations, and report within (10) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge, and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made along with a memorandum of law setting forth the basis for such objection, (such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

    In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof.

7

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Jeffrey P Hansen<br>924 Seneca Road<br>Wilmette, IL 60091 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail    ☐ Express Mail<br>☐ Registered    ☐ Return Receipt for Merchandise<br>☐ Insured Mail    ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)    ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7002 0860 0000 1410 1480 |
| PS Form 3811, August 2001 | Domestic Return Receipt    102595-02-M-1540 |

1:03cv676    doc.# 31