```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

| | |
|---|---|
| JEFFREY P. HANSEN, : | |
| : | NO.1:03-CV-00676 |
| Plaintiff : | |
| : | |
| : | **ORDER AND OPINION** |
| v. : | |
| : | |
| : | |
| UNION CENTRAL LIFE INSURANCE : | |
| COMPANY, : | |
| : | |
| Defendant : | |

On October 1, 2003, Plaintiff Jeffrey P. Hansen ("Hansen") filed the instant suit against Defendant Union Central Life Insurance Company ("Union"), alleging violations of ERISA and seeking damages thereunder (doc. 1).  On May 20, 2004, the Plaintiff filed a motion for summary judgment pursuant to Fed R. Civ. P. 56 contending that letters from Union dated on October 9, 2002 and October 16, 2002 show that the Defendant engaged in a "blackout" of the Plaintiff's 401k and did not provide Mr. Hansen with the thirty days notification required by statute (doc. 20). On June 10, 2004, the Defendant filed a cross-motion for summary judgment and memorandum in opposition to the plaintiff's earlier motion, averring that the plaintiff's ability to direct or manage his account was never rescinded or limited and that, even if it were, it cannot be considered a "blackout" period because it lasted three business days or less (doc. 22).

On March 11, 2005, the assigned Magistrate Judge issued

a Report and Recommendation (doc. 31) recommending that the Plaintiff's motion be denied and the Defendant's motion be granted. On March 31, 2005, the Plaintiff filed objections to the Report and Recommendation (doc. 33), and the Defendant filed a response thereto on April 12, 2005 (doc. 36).

Upon <u>de</u> <u>novo</u> review pursuant to 28 U.S.C. § 636, the Court finds the Magistrate Judge's Report and Recommendation well reasoned and proper. The Magistrate Judge was correct in concluding that correspondence between the Plaintiff and Daniel J. Temming, counsel for the Defendant, does not support the contention that Union created a "blackout" period of the Plaintiff's 401k (doc. 31). Moreover, even if it did, the three-day period from October 17 through the 19, 2002 would not constitute a violation of ERISA. Accordingly, the Magistrate Judge was correct in surmising that no reasonable jury would be able to conclude, on these facts, in favor of Plaintiff's claims.

For the foregoing reasons, Plaintiff's Motion to Review/Objection to the Report and Recommendation (doc. 33) is OVERRULED. The Report and Recommendation (doc. 31) is ADOPTED IN ITS ENTIRETY. The Defendant's Motion for Summary Judgment (doc. 22) is GRANTED. The Plaintiff's Motion for Summary Judgment is DENIED. The Clerk is instructed to enter judgment in favor of

Union Central Life Insurance Company on all claims.

       SO ORDERED.


Dated: August 12, 2005       <u>/s/ S. Arthur Spiegel</u>
                                      S. Arthur Spiegel
                                      United States Senior District Judge